UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILL L. HARBERT, | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV-05-CO-00173-S |
| | ] |
| UNITED STATES OF AMERICA, | ] |
| | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

I.  Introduction.

Presently before the court is a motion to dismiss filed by the United States of America, as well as the responses by the Plaintiff.  The United States challenges the Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Plaintiff, Bill L. Harbert, argues that the Court has subject matter jurisdiction of all the claims he asserts in his complaint.  The issues raised therein have been fully briefed by the parties and are now ripe for decision.  Upon due consideration, the motion to dismiss is due to be GRANTED.

II.     Facts.

Plaintiff, Bill L. Harbert, is the former chairman of Bill Harbert International Construction, Inc. ("BHIC"), a Delaware corporation with its principal place of business in Birmingham, Alabama. (Doc. 9, ¶ 5.) Plaintiff is also the former managing director of Bilhar International Establishment ("Bilhar"), formerly known as Harbert International Establishment. *Id.* at ¶ 6. Both companies were involved in the international construction business. *Id.*

On December 6, 2001, the United States Agency for International Development ("USAID") suspended BHIC, Bilhar, and Plaintiff from procurement and non-procurement activities on USAID projects, pending the completion of the investigation of Bilhar and BHIC for alleged "bid rigging" on USAID projects in Egypt from 1988 through 1996. (Doc. 9, ¶ 6.)

On July 25, 2001, a federal grand jury indicted BHIC, Bilhar, and Bilhar's former President, Elmore Roy Anderson, for violation of the Sherman Act, 15 U.S.C. § 1, and conspiracy to defraud the United States, 18 U.S.C. § 371. (Doc. 9, ¶ 8.) *See United States of America v. Bill Harbert International Construction, Inc., Bilhar International Establishment f/k/a*

*Harbert International Establishment and Elmore Roy Anderson* in the United States District Court for the Northern District of Alabama, case number CR-01-PT-302-S.

A plea bargain was reached whereby Bilhar pleaded guilty to violation of the Sherman Act and BHIC was dismissed as a defendant. *Id.* Bilhar agreed to pay a $54,000,000 fine and fully cooperate with the government's investigation into bid rigging. *Id.* Bilhar was to pay $10,000,000 upon sentencing and the remaining $44,000,000 in monthly installments of $733,333.33. *Id.* In return, with the exception of Bilhar's president, Elmore Roy Anderson, the government agreed not to criminally prosecute any other officers, directors, or employees of Bilhar. *Id.* In consideration for the plea agreement, Bill L. Harbert agreed to personally guarantee the $54,000,000 fine levied against Bilhar and in accordance signed a personal guarantee letter. *Id.* at ¶ 30.

Following the District Court's acceptance of the plea agreement, Bilhar paid $10,000,000 to the government and two subsequent payments of $733,333.33 on March 26, 2002. (Doc. 9, ¶¶ 36-37.) On November 18, 2003, the instant action was filed in the United States District Court for the

District of Columbia seeking declaratory relief on behalf of Plaintiff before he was forced to begin paying Bilhar's fine under the personal guarantee letter he signed. *Id.* at ¶ 38. Upon motion of Defendant, this action was transferred to the Northern District of Alabama. *Id.*

Bilhar made payments of $733,333.33 on the first of each month from April 2002 to August 2004. (Doc. 9, ¶ 39.) As of September 2004, Bilhar was no longer able to make its monthly payments. *Id.* In total, Bilhar paid $31,999,999.90 of its $54,000,000 fine. *Id.* In October 2004, Plaintiff, Bill L. Harbert, made a $1,466,666.66 payment into the registry of the United States District Court for the Northern District of Alabama, representing the two past due payments Bilhar owed on its fine. *Id.* at ¶ 40. On November 1, 2004, Plaintiff took over Bilhar's monthly payments and by agreement of the parties, those payments are held by the Registry of the Northern District of Alabama pending resolution of this matter. *Id.* Thus far, Plaintiff has paid $7,333,333.30 into that account. *Id.* at ¶ 41.

Plaintiff seeks a declaration from this Court that the guarantee letter he signed is invalid and seeks the return of the funds he paid into the registry of this Court.

III.     Standard.

The United States of America has moved to dismiss for lack of subject mater jurisdiction. "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and . . . . [must] satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). However, the Eleventh Circuit has cautioned that if the facts necessary to sustain jurisdiction implicate the merits of the plaintiffs' cause of action, the court should "find that jurisdiction exists and deal with the [jurisdictional] objection as a direct attack on the merits of the plaintiff[s'] case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

IV.  Discussion.

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"  *Id*.  (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).  The burden of asserting an unambiguous and valid waiver of sovereign immunity is upon the party suing the United States.  *See Holoman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert denied*, 466 U.S. 958 (1984) (citing *Cole v. United States*, 657 F.2d 107, 109 (7th Cir.1981)).  Thus, "[i]n the absence of clear congressional consent," there is no jurisdiction in any court to entertain suits against the United States.  *Mitchell*, 445 U.S. at 538 (citing *Sherwood*, 312 U.S. at 587-88).

Plaintiff in this action describes his relief as a request for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  (Doc. 9.)  The declaration sought is, in effect, that Plaintiff's personal guarantee of

payment of the criminal fine levied against Billhar be invalidated and that any sums paid by Plaintiff into the registry of this Court be returned.

"The Declaratory Judgment Act, 28 U.S.C. Secs. 2201, 2202, operates procedurally and merely enlarges the range of remedies available in cases over which the federal court already has jurisdiction." *El Paso Bldg. & Const. Trades Council v. El Paso Chapter Associated Gen. Contractors of Am.*, 376 F.2d 797, 799 (5th Cir. 1967) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).  Thus, the plaintiff must first demonstrate that this Court has jurisdiction, without relying upon the Declaratory Judgment Act.  *See Wendy's Intern., Inc. v. City of Birmingham*, 868 F.2d 433 (11th Cir. 1989).

The plaintiff contends, that because "this case involves claims arising under the laws of the United States," this Court has jurisdiction pursuant to 28 U.S.C. § 1331.  (Doc. 9, ¶ 3.)  However, as the Fifth Circuit stated, "[s]ection[] 1331 . . . title 28, United States Code, may not be construed to constitute [a] waiver[] of the federal government's defense of sovereign immunity."  *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972) (citing *Cotter Corporation v. Seaborg*, 370 F.2d 686, 692 (10th Cir. 1966).  In the

absence of an explicit waiver of sovereign immunity, the plaintiff's complaint alleges no proper jurisdictional basis for seeking the relief he desires.

To the extent that Plaintiff seeks to assert a contract claim against the United States for an amount greater than $10,000, if jurisdiction exists in any court, it is vested in the United States Court of Federal Claims.  *See* Tucker Act, 28 U.S.C. § 1491; 28 U.S.C. § 1346 (The United States District Courts possess concurrent jurisdiction with the United States Court of Federal Claims for Tucker Act suits when the claim does not exceed $10,000.).

V.   Conclusion.

By separate order, Defendant's motion to dismiss will be GRANTED and this matter is DISMISSED.

Done this <u>1st</u> day of <u>December 2005</u>.

                                                                          _____
                                                                          L. SCOTT COOGLER
                                                                          UNITED STATES DISTRICT JUDGE
                                                                          124153